Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

RECEIVED

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

_____ Division

DEC 21 2020

U.S. DISTRICT COURT
GREENVILLE, S.C.

Christopher M. Jackson

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Costco Wholesale Corporation, Dinah Romaella, Julie
Cruz, Yoram Rubanenko, Sal Tortorici, Joe Portera

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑Yes  ☐No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Christopher M. Jackson |
| Street Address | 7 Whitethorn Ln |
| City and County | Greenville |
| State and Zip Code | South Carolina 29607 |
| Telephone Number | (864)551-5758 |
| E-mail Address | cjcravat@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name     Costco Wholesale Corporation

Job or Title *(if known)*

Street Address     999 Lake Drive

City and County     Issaquah

State and Zip Code     Washington, 98027

Telephone Number     (425)313-8100

E-mail Address *(if known)*


Defendant No. 2

Name     Dinah Romaella

Job or Title *(if known)*     General Manager

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*


Defendant No. 3

Name     Julie Cruz

Job or Title *(if known)*     Vice President

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*


Defendant No. 4

Name     Yoram Rubanenko

Job or Title *(if known)*     Senior Vice President of Operations

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

### C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Costco Wholesale Corporation |
| Street Address | 1021 Woodruff rd |
| City and County | Greenville |
| State and Zip Code | South Carolina 29607 |
| Telephone Number | (864)296-2560 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Other federal law *(specify the federal law)*:

☐     Relevant state law *(specify, if known)*:

☐     Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III.     Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☑ Other acts *(specify)*:     EEOC File

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.     It is my best recollection that the alleged discriminatory acts occurred on date(s)
"See Attached"

C.     I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*
  Physical impairments

E.     The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

"Please see attached

---

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

**IV.   Exhaustion of Federal Administrative Remedies**

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

November 27, 2017

B.      The Equal Employment Opportunity Commission *(check one)*:

☐      has not issued a Notice of Right to Sue letter.

☑      issued a Notice of Right to Sue letter, which I received on *(date)*   Sept, 30, 2020        .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

**V.   Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

'Please see attached"

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   *Dec. 21, 2020*

Signature of Plaintiff   *Christopher M Jackson*
Printed Name of Plaintiff   *CHristopher M JACKSON*

### B.   For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

## COMPLAINT FOR DAMAGES

Comes Now, Christopher M Jackson  ("Plaintiff", "Mr. Jackson") file this Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.      Plaintiff brings this action for damages, Liquidated damages, and fees for the Defendant's violation of my rights. I am aware that under the Americans with disabilities Act of 1990,as amended 42.U.S.C 12111 to 12117.("ADA")

## JURISDICTION AND VENUE

2.      Plaintiff invokes the jurisdiction of the court pursuant to Defendant Costco Wholesale Corporation ("Defendant") does business in this judicial district.  This venue is appropriate in this Court.

## PARTIES

3.      Plaintiff is a U.S citizen and resident of Greenville, Greenville County, South Carolina. Plaintiff  should be in the jurisdiction of the Court.

4.      Defendant is licensed and does business in South Carolina and in the district.

5.      At all such times, Plaintiff has a disability, a physical impairment that substantially limits one or more major life activities.

1.

6.    Plaintiff has a history or record of such impairment or perceived by his former employer Costco wholesale, the Defendant is therefore covered in accordance under the ADA 42 U.S.C

7.    Defendant may be served with process by delivering a copy of the summons and complaint to CT Corporation System 2 Office Park Court Suite 103, Columbia, South Carolina 29223

## ADMINISTRATIVE PROCEDURES

8.    At all such times, Plaintiff has a disability, a physical impairment that substantially limits one or more major life activities.

9.    Plaintiff has a history or record of such impairment or perceived by former employer Costco wholesale, the defendant is therefore covered in accordance under the ADA 42 U.S.C.

10.    On November 27, 2017, Plaintiff timely filed a Charge of Discrimination on the basis of Disability with the Equal Employment Opportunity Commision (EEOC).

11.    On July 31, 2020, the EEOC issued its determination, finding reasonable cause to believe that the Plaintiff ( "Mr. Jackson") was discriminated against, denied reasonable accommodations by Defendant because of his disability and was discharged in violation of the (ADA).

2.

12.     The EEOC Conciliation failed, and issued a "Notice of Right to Sue" on

September 29, 2020, entitling an action to file suit within the 90 day period of that

notice.


## FACTUAL ALLEGATIONS

13.     Plaintiff ("Mr. Jackson") began working for his employer Costco Wholesale in

June 1999 as a Stocker.


14.     Plaintiff has a qualified Disability.  Prior to and during September 2016, Plaintiff

requested  reasonable  accommodations with  Defendant  in order to mitigate the

symptoms of his disability Chronic Osteoarthritis, and underwent (2) knee replacements

surgery.


15.     On numerous occasions  Plaintiff  has been repeatedly  denied  reasonable

accommodations by  Dinah Romaella (General Manager), Sal Tortorici (General

Manager), and Brian Dugan (Assistant Manager) and others.


16.     The Defendants mentioned above have advised  Plaintiff  that he needs  to be

"100% healed and have no restrictions" in order to return to work.

17.     During the month of  March 2017, Plaintiff ( "Mr. Jackson")  provided Dinah

Romaella (GM)  return to work ( doctor's notes) with minimal restrictions with

clarifications.

3.

18.    On April 1, 2017, Plaintiff received a call from Dinah Romaella(GM) that she cannot accommodate and Plaintiff needs to be 100% to return to work. The doctor's notes were denied once again.

19.    On or around May 16, 2017, Plaintiff was denied once again by Brian Dugan( Asst General Manager), informing Plaintiff, he cannot have any restrictions to return to work.

20.    Aug 28, 2017, Plaintiff received a letter from Costco's Integrated leave department about a job assessment meeting (interactive process).

21.    On September 5, 2017, Plaintiff went to discuss the Job assessment meeting, doctor's notes, with Dinah Romaella in her office at Costco Wholesale.

22.    On October 18, 2017, at the start of the Job assessment meeting at Costco Wholesale. Plaintiff was informed by Sal Tortorici (General Manager), that he needed to be 100% healed without restrictions to return to work.

23.    Plaintiff requested reasonable accommodations for his disability during and prior to the Job assessment meeting(interactive Process).

24.    After the job assessment meeting Approximately 22 jobs were sent to Plaintiffs

4.

home for 60 days. Plaintiff applied for each and every job.

25.     Plaintiff informed the Integrated Leave department by Phone of **All**
vacant jobs listed of interest.

26.     On Oct 26, 2017 Sal Tortorici ( General Manager), began sending letter(s) to
the Plaintiff's home advising him "Please do not respond to me or this location, only
respond to the Costco Leave Department for any information regarding jobs."

27.     Plaintiff was sent(s) letter from Sal Tortorici (General Manager that he was not
qualified, or did not have a license, or Costco could not accommodate at work.

28.     Sal Tortorici (General Manager) advised Plaintiff of his discharge date of
employment will be December 19, 2017 due to his restrictions.

29.     In December 2017, Sal Tortorici (General Manager)
sent (2) letters of termination for Plaintiff to sign and return.

30.     On January 31, 2017, Plaintiff received a termination letter   Reason: Exceeded
LOA.
 Signed by Sal Tortorici (General Manager) and Brian Dugan ( Assistant Manager).

31.     Plaintiff has been denied equal opportunities by Costco Wholesale, Dinah

5.

Romeaella(GM) Julie Cruz(VP) Yoram Rubenenko(SVP of Operations) Failure to accommodate, job restructuring, reasonable accommodations part-time or modified work and/or reassignment.

32.    Defendant terminated Plaintiff on the basis of his disability in violation of the ADA.

## COUNT 1:

## DISABILITY DISCRIMINATION IN VIOLATION OF ADA

## Plaintiff Realleges - section 14-33

33.    Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

34.    Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

35.    At all relevant times Defendant had knowledge of the plaintiff's disability.

36.  Unum Life Insurance Company had knowledge  Plaintiff was  advised by Defendants that he needed to be 100% healed to return to  work.

37.    Plaintiff was denied benefits By Costco Wholesale, Julie Cruz (VP) Yoram Rubaneko(SVP) Dinah Romaella(GM) and Unum Life Insurance Company of America.

38.    Defendant terminated Plaintiff's employment because of his disability,  or

6.

perceived disability, or record of having a disability and accommodation request.

39.    By terminating the Plaintiff on the basis of his disability or perceived disability violated the ADA, as amended.

40.    Defendant treated other employees outside Plaintiff's protected class differently.

41.    Unum Life Insurance company and defendant participated in the unlawful employment practices, and treated Plaintiff differently.

42.    Defendant claim to provide a legitimate non-discriminatory

reason for the adverse actions, this reason is a pre-text for disability discrimination. Termination, reasonable accommodations and other situations.

43.    Defendant Costco Wholesale has policies and procedures in place to keep Director's Managers, Officers, and Agents from preventing discrimination.

44.    Defendant Costco Wholesale, Dinah Romealla(GM) Julie Cruz(VP)Sal Tortorici (GM) Yoram Rubanenko(SVP of OPerations) Aldyn Royce(VP) and other agents of, engaged in oppressive or malicious conduct against Plaintiff.

45.    Defendant treated Plaintiff differently when it comes to employment which is discrimination on the basis of the Americans with Disabilities Act of 1990, as amended.

46.    Defendant's violation of the ADA, have adversely affected plaintiffs

7.

psychological and physical well-being.

47.     As a result of the  Defendant  discriminatory actions against Plaintiff,  has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation and embarrassment.

48.     Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

51.     Plaintiff thus seeks compensatory and punitive damages.

52. Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, and not only deprived Plaintiff of equal employment opportunities, but exhibited  oppression, malice or reckless behavior to the federally protected rights of Plaintiff.

## Count 2:

### FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

### Plaintiff realleges  14-33

53.     Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

54.     Defendant  was  aware of Plaintiff's disability. Unum Insurance company was

8.

involved in the failure to accommodate violation.

55.     At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

56.     Defendants denied Plaintiff benefits of the "Rehabilitation and Return to work Assistant program."

57.     Plaintiff was able to perform the essential functions of jobs with reasonable accommodation.

58.     Defendant further violated ADA and decided to hire a less qualified person with no known disability.

59.     Defendant failed to engage in a timely interactive process in good faith, by delaying and obstructing it. Costco Wholesale, Dinah Romealla(GM) Julie Cruz(VP) SalTortorici(GM) Yoram Rubanenko(SVP of Operations)

60.     Defendant failed to provide Plaintiff a reasonable accommodation who has a disability unless doing so would cause undue hardship.

61.     By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

62.     Defendant advised Plaintiff ("Mr. Jackson") he needed to be 100% healed to return to work without restrictions.

63.     Defendants have willfully disregarded Plaintiff's rights, and treated plaintiff unfavorably because he has or perceived to have a physical impairment.

9.

62.     Defendant terminated Plaintiff shortly after filing a Charge of Discrimination with (EEOC), asserting Defendants discrimination and failure to provide a reasonable accommodation.

63.   As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and embarrassment.

64.     Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits,  compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## Count 3:

## Failure to prevent Discrimination

### Plaintiff realleges 14-33 section

65.   Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action, Costco Wholesale has its own policy in place to prevent this type of practice to remedy the unlawful employment practices. Defendant  has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless behavior  to the federally protected rights of Plaintiff.

66. Unum  Life Insurance Company participated in these  unlawful  employment practices  with Defendant  officers, directors, managers, agents of, and  Costco

10.

Wholesale and wrongfully terminated Plaintiff.

67.    Plaintiff thus seeks compensatory and punitive damages.

## Relief

WHEREFORE,  Plaintiff's  respectfully  request for  judgment as follows:

A.  Order Defendant to pay punitive damages based for it's  willful, malicious,

intentional, and deliberate acts, including  ratification, and reckless

conduct  described in paragraph 65 above.

B.  Special damages and/for lost wages and compensatory damages and other  denied

benefits.

D.  General damages for mental  anguish and emotional suffering caused by

Defendant's misconduct.

C.  Order Defendant to make Plaintiff whole by providing compensation for appropriate

back pay, compensatory, lost wages, loss of and denied benefits, mental anguish, and

punitive damages, in the amount of $300,000  with prejudgment interest  at the rate

allowed by law.

 F.    All other relief to which Plaintiff  may be entitled to but not limited to, future

attorneys' fees.

G.  Order Defendant Costco Wholesale to a permanent( Injunction)  that would prevent

(" ADA")  violations, and stop  ongoing  systemic discrimination.

12.

Respectfully submitted on the 21th day of December,  2020.


Christopher M. Jackson
7 Whitethorn Ln
Greenville, SC 29607
(864)551-5758
Pro Se Litigant

12.