IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christopher M. Jackson, ) | C/A No. 6:20-cv-04415-DCC |
| Plaintiff, ) | |
| v. ) | **OPINION AND ORDER** |
| Costco Wholesale Corporation, ) | |
| Defendant. ) | |

This matter comes before the Court on Defendant Costco Wholesale Corporation's Motion for Summary Judgment. ECF No. 43. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling and a Report and Recommendation ("Report"). On February 14, 2022, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 50. The Magistrate Judge advised the parties of the procedures and requirements for filing Objections to the Report and the serious consequences if they failed to do so. Plaintiff filed Objections, and Defendant filed a Reply. ECF Nos. 51, 52.

## **BACKGROUND**

This case arises from Defendant's termination of Plaintiff's employment in January 2018. ECF No. 11 at 5. Plaintiff, proceeding pro se and in forma pauperis, filed an Amended Complaint in this Court against Defendant on February 1, 2021, alleging claims of disability discrimination based on his employment termination in violation of the Americans with Disabilities Act ("ADA"), failure to accommodate in violation of the ADA,

and failure to prevent discrimination. *Id.* at 6–10. On October 25, 2021, Defendant filed a Motion for Summary Judgment, Plaintiff, now represented by counsel, filed a Response in Opposition on November 8, 2021, and Defendant filed a Reply on November 15, 2021. ECF Nos. 43, 44, 46. The Magistrate Judge issued a Report on February 14, 2022, recommending that the Motion be granted. ECF No. 50. Plaintiff filed Objections, and Defendant filed a Reply. ECF Nos. 51, 52.

Neither party has objected to the Magistrate Judge's thorough recitation of the facts, and it is incorporated herein by reference. *See* ECF No. 50 at 1–5.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## **DISCUSSION**

In recommending that Defendant's Motion for Summary Judgment be granted, the Magistrate Judge determined that Plaintiff's claims for disability discrimination based on his employment termination and failure to accommodate pursuant to the ADA are time-

barred. ECF No. 50 at 11. Specifically, the Magistrate Judge found that once Plaintiff received his first Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") on October 30, 2019, regarding his 2018 charge of discrimination, the 90-day period limitations period began to run. *Id.* at 10; *see Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (holding that a claim filed 91 days after notice was untimely). Because Plaintiff filed his initial Complaint on December 21, 2020, over one year after his receipt of the Notice, the Magistrate Judge determined that Plaintiff's claims were time-barred. *Id.* at 11. Although Plaintiff received a second Notice of Right to Sue from the EEOC on September 29, 2020, regarding his 2017 charge of discrimination, the Magistrate Judge found that Plaintiff's Complaint remained untimely because subsequent Notices of Right to Sue regarding the same allegations have no effect on the statutory 90-day time period; moreover, Plaintiff's 2018 charge largely encompassed the same claims alleged in his 2017 charge. *Id.* at 10; *see Khan v. Jenkins*, No. 85-2252, 1987 WL 36862, at *4 (4th Cir. Mar. 19, 1987) (noting, in the context of the 90-day statutory time frame, that "where the EEOC issues a second right to sue letter concerning alleged discriminatory practices already covered by a prior right to sue letter, the second letter is without effect"). As a result, the Magistrate Judge determined that Plaintiff's claims alleged in his 2018 charge became stale following the end of the 90-day limitations period. *Id.*

Plaintiff objects to the Magistrate Judge's recommendation to grant Defendant's Motion for Summary Judgment on his ADA claims, arguing that they were timely filed within the 90-day limitations period. ECF No. 51 at 4. Specifically, Plaintiff contends that because the EEOC issued a Notice of Right to Sue on the 2017 charge on September

3

29, 2020, and Plaintiff filed suit on December 21, 2020, the lawsuit was timely filed. *Id.* at 5. Plaintiff asserts that the Magistrate Judge improperly relies on *Price v. Greenspan*, 374 F.Supp.2d 177 (D.D.C. 2005), which acknowledges that the purpose of the limitations period is to prevent claimants from seeking additional Notices of Right to Sue based on subsequently filed charges of discrimination. *See id.* at 4. Instead, Plaintiff claims there is no suggestion that he sought to evade the filing requirements by seeking additional notices of right to sue and "gaming the system." *Id.* at 6.

The Court agrees with the Magistrate Judge that Plaintiff's claims are time-barred because the Complaint was filed after the 90-day limitations period had expired, following the issuance of the first Notice of Right to Sue. Having reviewed the Report and the applicable law de novo, the Court finds that Plaintiff's claims alleged in his 2018 charge became stale after the 90-day limitations period had run and are, therefore, time-barred. *See Price*, 374 F.Supp.2d at 184 ("Charges addressed in stale decisions, those issued more than 90 days before filing of suit, may not form the basis of an employee's [federal employment discrimination] lawsuit regardless of subsequent unexpired decisions."). Indeed, Plaintiff does not dispute that he could have brought his lawsuit sooner. ECF No. 51 at 7. Although an unexpired Notice of Right to Sue may serve as the basis for a civil suit where the claims alleged in the underlying charge are different from those alleged in a stale charge, that is not the case here. *See Price*, 374 F.Supp.2d at 184 ("[A]n unexpired decision can only be the basis of a [federal employment discrimination] suit to the extent that it addresses charges different, if related, to those addressed in stale decisions."). Instead, the Magistrate Judge correctly notes that Plaintiff's claims alleged in his 2017 charge are encompassed within those alleged in his 2018 charge, as both

4

raise claims under the ADA for disability discrimination based on wrongful termination and failure to accommodate. ECF No. 50 at 10. Therefore, Plaintiff's Objections are overruled.

No party has filed any Objections to the remainder of the Report. Accordingly, the Court has reviewed the Report, the record, and the applicable law for clear error. Upon review, the Court adopts the remainder of the Report.

## **CONCLUSION**

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections [51] and **ADOPTS** the Report [50]. Accordingly, Defendant's Motion for Summary Judgment [43] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 27, 2022
Spartanburg, South Carolina